AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Tamara Schwed )
_____ )
Plaintiff )
  ) Civil Action No.  **10 CV 6702**
v. )
ARS National Services, Inc. )
_____ )   JUDGE BUCHWALD
Defendant )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ARS National Services, Inc.
201 W. Grand Avenue
Escondido, CA 92025

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: M. Harvey Rephen & Associates, P.C.
708 3rd Avenue, 6th Floor
New York, N.Y 10017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

SEP - 8 2010

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____
                                                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*


                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TAMARA SCHWED,

                Plaintiff,

-against-

ARS NATIONAL SERVICES INC.,

                Defendant(s).
----------------------------------------------------------------X

Civil Action No:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff TAMARA SCHWED ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against ARS NATIONAL SERVICE, INC. ("ARS") hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, residing at 7 Challenger Ct., Monsey, N.Y. 10952.

3. Defendant ARS, Inc. is a corporation with a business address at 201 W. Grand Ave., Escondido, CA 92025-2603.

4. ARS. Inc. is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of ARS NATIONAL SERVICES INC.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the

hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.     Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18.     Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     The Plaintiff lives wither her husband Jack Schwed and eight of her eleven children. All of whom use the same phone.

22      On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff.

23.     Approximately mid April 2010 the Defendant left the following prerecorded computerized message on the Plaintiff's answering machine: "Hello, the following is a

message from ARS. It is very important that we speak to Tamara Schwed. This is not a telemarketing or sales call. Please have them call us toll free at 1.800.909.9095 and the reference number is 19852602. We will be able to discuss this matter right away. Thank you. Good bye."

24. The Defendant's message is legally deficient in that it fails to provide the required warnings under 15 USC §1692e(11) by failing to include the required warning that it was a communication from a debt collector, that is an attempt to collect a debt and that any information obtained will be used for that purpose.

25. The Defendant's First Message is legally deficient in that it violates 15 USC §1692e – preface and e(10) by using deceptive means in attempting to collect a debt.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e-preface, 15 USC §1692e10, and 15 USC §1692e(11).

28. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

29. Plaintiff TAMARA SCHWED and The Class hereby respectfully requests a

trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TAMARA SCHWED and The CLASS demands judgment from the Defendants ARS NATIONAL SERVICE INC. as follows:

A.  For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C.  For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.  For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E.  A declaration that the Defendant's practices violated the FDCPA;

F.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         September 7th, 2010

Respectfully submitted,

By: _____
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930

Facsimile: (212) 330-7582

*Attorney for the Plaintiff TAMARA SCHWED*

To:   ARS
      201 w. Grand Ave.
      Escondido, CA 92025-2603

*(Via Prescribed Service)*

Clerk,
United States District Court, Southern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:

TAMARA SCHWED,

                Plaintiff(s),

-against-

ARS NATIONAL SERVICE INC.,

                Defendant(s).

## COMPLAINT

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:    (212) 796-0930
Facsimile: (212) 330-7582